IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD RADONICH,

    Petitioner,               No. 2: 11-cv-0457 KJM KJN P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

I. <u>Introduction</u>

       Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed, pursuant to the mailbox rule, on December 29, 2010.  Petitioner alleges that respondent violated the terms of his plea agreement by not awarding him 50% good time credits.

       Pending before the court is respondent's motion to dismiss on grounds that this action is barred by the statute of limitations.  After carefully considering the record, the undersigned recommends that respondent's motion to dismiss be granted.

////

////

1

II. <u>Discussion</u>

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

When a habeas petitioner challenges an administrative decision, section 2244(d)(1)(D) governs the date on which the limitation period begins to run. <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1066 (9th Cir. 2004); <u>Redd v. McGrath</u>, 343 F.3d 1077, 1081–83 (9th Cir. 2003). Under § 2244(d)(1)(D), the limitation period begins to run once "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Thus, the point at which an administrative decision becomes final is the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. <u>Id.</u> In <u>Shelby</u> and <u>Redd</u>, the pertinent date was the date on which notice of the decision was received by the petitioner. Thus, the statute of limitations was held to have begun running the day after notice of the decision was received. <u>Shelby</u>, 391 F.3d at 1066; <u>Redd</u>, 343 F.3d at 1082.

Petitioner's administrative decision challenging the alleged miscalculation of time

2

credits was denied at the final level, i.e. third level, of review on August 9, 2006. (Dkt. No. 24-1 at 2.) Therefore, the statute of limitations began to run on August 10, 2006. Petitioner had one year from that date to file a timely federal petition. The instant action, filed December 29, 2010, is not timely unless petitioner is entitled to statutory or equitable tolling.

The undersigned first considers whether petitioner is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) which provides,

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to the mailbox rule, on March 29, 2007, petitioner filed his first state habeas corpus petition in the Santa Cruz County Superior Court. (Dkt. No. 24-1 at 23-47.) This petition was denied on June 20, 2007. (Id. at 49.) Pursuant to the mailbox rule, on August 20, 2009, petitioner filed a petition for writ of error coram nobis in the Santa Cruz County Superior Court. (Id. at 52-55.) On September 2, 2009, this petition was denied. (Id. at 57.) Petitioner appealed the denial of this petition to the California Court of Appeal, which denied petitioner's appeal on February 24, 2010. (Id. at 60-68.)

Pursuant to the mailbox rule, on January 19, 2010, petitioner filed a petition for writ of mandate in the Santa Cruz County Superior Court. (Id. at 70-107.) On March 23, 2010, the Santa Cruz County Superior Court denied the petition for writ of mandate. (Dkt. 24-2 at 3-15.) Petitioner filed a request for reconsideration of this order, which the Santa Cruz County Superior Court denied on March 23, 2010. (Id. at 63.) Petitioner then filed a petition for writ of mandate in the California Court of Appeal, although it is unclear on what date this petition was filed. (Id. at 17). On August 18, 2010, the California Court of Appeal denied this petition. (Id. at 63.) Pursuant to the mailbox rule, on September 14, 2010, petitioner then filed a petition for review of this order in the California Supreme Court. (Id. at 67.) On October 20, 2010, the California Supreme Court denied the petition for review. (Id. at 84.) Pursuant to the mailbox

1 rule, on January 4, 2011, petitioner filed a habeas corpus petition in the Santa Cruz County
2 Superior Court.  (Id. at 86-101.)  On March 22, 2011, the Superior Court denied this petition.
3 (Id. at 103.)

4 　　　　Petitioner is entitled to statutory tolling for the time his first state habeas petition
5 was pending, as this petition was filed while the statute of limitations ran.  Accordingly,
6 petitioner is entitled to tolling for the 83 days this petition was pending, i.e. from March 29,
7 2007, to June 20, 2007.  Adding 83 days to when the limitations period was set to expire without
8 tolling, i.e. August 11, 2007, would make the limitations period run on November 1, 2007.
9 Petitioner did not file his next state action until August 20, 2009.  Because this petition was filed
10 long after the statute of limitations had run, petitioner is not entitled to statutory tolling for this
11 petition or any of his later filed state petitions.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.
12 2000) (a petitioner is not entitled to tolling where the limitations period has already run prior to
13 filing a state habeas petition); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir.2003) ("section
14 2244(d) does not permit the reinitiation of the limitations period that has ended before the state
15 petition was filed.").

16 　　　　Petitioner makes no argument in support of equitable tolling.

17 　　　　In his opposition to the pending motion, petitioner argues that the statute of
18 limitations runs from a date later than the date on which his administrative appeal was denied.
19 Petitioner contends that he did not discover that respondent had breached his plea agreement by
20 miscalculating his time credits until August 2009 when he "realized the additional Penal Code
21 667 was being held against him contrary to his plea agreement and abstract of judgment(s)."
22 (Dkt. 25 at 1-2.)  Petitioner argues that since that time, he has had the issue in the courts nearly
23 constantly.

24 　　　　The administrative memorandum denying petitioner's third level administrative
25 appeal states that petitioner believes that his sentence falls under In re Reeves and that he
26 warrants receiving half-time credits.  (Dkt. No. 24-1 at 2.)  In this grievance, petitioner argued

that respondent had only applied the equivalent of 15 percent credit toward his release date. (Id.) The findings section of this memorandum states that the director's level of review has determined that pursuant to California Penal Code sections 2933.1 and 667.5 and the decision in In Re Ramos, petitioner received the proper credits. (Id.)

In his first state habeas petition filed in the Santa Cruz County Superior Court, petitioner argued that respondent had improperly imposed 15% credit restrictions. (Dkt. 24-1 at 34.) Petitioner argued that his criminal case on which the improper time credits were imposed involved a "serious" felony only. (Id.) Petitioner went on to argue that "the plea agreement to one third time credits is being violated..." (Id.) In his second state habeas action, i.e. the petition for writ of error coram nobis filed in the Santa Cruz County Superior Court on August 20, 2009, petitioner argued that pursuant to his plea agreement he was entitled to earn 50% good time credits. (Id. at 53.) Petitioner also stated that he attempted to resolve this issue "via habeas corpus" which he learned was the improper avenue for such issues.[1] (Id.)

After reviewing the third level appeal denying petitioner's administrative review as well as his state court pleadings, the undersigned finds that petitioner was aware of the alleged miscalculation of his time credits at the time his third level administrative grievance was denied.[2] The undersigned also confirms that the claim raised in the instant petition is the same claim raised in the administrative grievance as well as in the first state habeas petition and the later state actions. Accordingly, petitioner's argument that the statute of limitations runs from a later date is without merit.

---

[1] The Superior Court denied petitioner's first habeas petition on the merits, finding that, "Petitioner is either unaware of or is avoiding Penal Code § 12022.5(d) which specifically authorizes the imposition of such a sentence." (Dkt. 24-1 at 49.) The Superior Court order denying this first petition did not state that petitioner could not raise this issue via habeas corpus petition.

[2] Although petitioner stated in his first state petition that he was entitled to one third time credits, he argued in his administrative appeal and his later state petitions that he was entitled to half time credits. Most likely, petitioner meant to refer to half time credits in the first state habeas petition rather than one third.

5

1      Accordingly, for the reasons discussed above, the undersigned finds that petitioner's application for writ of habeas corpus is barred by the statute of limitations. Respondent's motion to dismiss should be granted.

       Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Dkt. No. 24) be granted.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rad457.mtd